UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TYSHAWN BURCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18-3057 |
| | ) |
| CECIL POLLEY, et. al., | ) |
| | ) |
| Defendants | ) |

MERIT REVIEW ORDER

The Plaintiff, a pro se prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 and later filed a motion for leave to amend with a proposed complaint attached. [1, 6]. The motion for leave to amend is granted pursuant to Federal Rule of Civil Procedure 15. [6].

This cause is now before the Court for merit review of the Plaintiff's amended complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff claims Defendants Warden Cecil Polly, Lieutenant Griffin, Clinical Supervisor Scott Thompson, Principal Jackson, Vocational Teacher Lawrence, and Correctional Officer Matthews, Riley, Goodman, Kean, Todd Hunt, and Klinard

violated his constitutional rights at Graham Correctional Center. Plaintiff's complaint details a variety of allegations.

For instance, Plaintiff says on May 30, 2016, he filed an emergency grievance accusing Defendant Matthews of sexual harassment. Defendant Warden Polley found the grievance was an emergency and referred it to Internal Affairs for a Prison Rape Elimination Act (PREA) investigation. Defendant Griffin conducted the investigation and interviewed Plaintiff the very next day. Plaintiff admits he withdrew his grievance, but claims it was due to Defendant Griffin's "threats and intimidation."(Amd. Comp., p. 5).

On June 13, 2016, Plaintiff received a notice from Clinical Services Supervisor Thompson informing Plaintiff he was been submitted for a transfer to Centralia Correctional Center. Plaintiff responded with a June 14, 2016 emergency grievance claiming the transfer was in retaliation for his PREA complaint.

On June 15, 2016, Plaintiff filed another emergency grievance alleging his vocational teacher, Defendant Lawrence, struck him on the back. Plaintiff claimed his back still hurt, but it does not appear Plaintiff asked for medical care. Plaintiff also stated Defendant Lawrence then wrote a "retaliatory ticket" to get Plaintiff kicked out of the school. (Amd. Comp., p. 5). Plaintiff does not clarify what sparked the retaliatory action.

Defendant Polley responded to Plaintiff's grievances noting he was unaware of an upcoming transfer, and referred Plaintiff's assault claim to Defendant Griffin for investigation.

Plaintiff met with Defendant Griffin again on June 16, 2016. The Defendant stated he submitted Plaintiff for transfer "in order to protect plaintiff from Defendant Matthews and his cronies." (Amd. Comp., p. 6). However, Defendant Griffin also told Plaintiff he must stop his continued complaints concerning staff misconduct or his time at Graham Correctional Center could get worse. Plaintiff again admits he withdrew his June 14, 2016 grievance concerning the transfer, but blames the Defendants "intimidation and threats." (Amd. Comp., p. 6).

On June 21, 2016, Plaintiff was called to Defendant Principal Jackson's office where Correctional Officer Riley threatened him for "getting him included in the investigation of the assault by Defendant Lawrence." (Amd. Comp., p. 6). The next day, Defendant Riley wrote a disciplinary report against Plaintiff for talking or yelling after Plaintiff was told three times to hold down the noise. Plaintiff believes Jackson, Riley, and Lawrence "entered into a conspiracy to harass plaintiff" to withdraw his PREA complaint. (Amd. Comp., p. 7). Plaintiff does not explain this claim since he previously alleged he withdrew his PREA complaint the day after he filed his grievance.

On June 24, 2016, Defendant Goodman wrote a disciplinary report against Plaintiff for abuse of privileges based on a three-way phone call. On August 16, 2016, Plaintiff filed a grievance "alleging that he was having further trouble with his numbers being blocked." (Amd. Comp., p. 7). Plaintiff again believes both incidents were part of the conspiracy to harass him.

On August 25, 2016, Plaintiff met with Internal Affairs Officer Hunt regarding Plaintiff's claims that he had been harassed by Officer Griffin. Instead of investigating

his complaint, Plaintiff says Officer Giriffin was called into the meeting to harass and intimidate him.

On October 24, 2016, Plaintiff filed another grievance alleging his claims of harassment and retaliation were not properly investigated.

On November 17, 2016, Plaintiff filed a grievance claiming Defendant Kean somehow retaliated against him prior to gym.

On November 19, 2016, Defendant Goodman wrote a disciplinary report against Plaintiff for again making a three-way phone call. Plaintiff claims he ultimately lost his porter job and he was transferred to another housing unit.

On March 23, 2017, Defendant Hunt wrote a disciplinary report against Plaintiff for making three-way phone calls.

On March 29, 2017, Plaintiff says he returned to his cell from work and found Defendants Hunt and Klinard "ransacking his cell for his alleged theft of oatmeal." (Comp., p. 8). Plaintiff received a disciplinary ticket a few days later based on the alleged theft which Plaintiff claims was a "total fabrication" and done in retaliation for his grievances and PREA allegation. (Comp., p. 9).

Plaintiff was transferred to Pinckneyville Correctional Center on April 19, 2017. Two days later, Plaintiff received a disciplinary ticket written by Defendant Hunt alleging concealment of identity and abuse of privileges at Graham Correctional Center. Once again, Plaintiff alleges the ticket was written in retaliation.

Based on the litany of allegations, Plaintiff first states Defendants Hunt and Goodman retaliated against him for his grievances with various false disciplinary

reports which lead to him losing telephone privileges and his porter job. Second, Plaintiff alleges Defendants Hunt, Goodman, and Klinard conspired to transfer him to Pinckneyville in retaliation for his grievances. Third, Plaintiff says the actions of Defendant Matthew constituted sexual harassment in violation of the Eighth Amendment. Fourth, Defendant Lawrence used excessive force and committed the state law tort of battery. Fifth, Defendants Jackson, Riley, Lawrence, Griffin, Goodman, Hunt, and Klinard violated his due process rights and also retaliated against him.

There are several problems with Plaintiff's amended complaint. First, Plaintiff simply says he filed a grievance alleging sexual misconduct by Defendant Matthews, but Plaintiff has not provided any information concerning his specific allegation against this Defendant. Therefore, he has not articulated an Eighth Amendment violation.

Second, while Plaintiff says he filed a PREA report against Defendant Mathews on May 30, 2016, he also admits he withdrew his complaint the very next day. Since there was no report or claim pending, it is unclear why Plaintiff believes any actions taken by a variety of other individuals were either retaliatory or in any way related to his previous report.

Third, Plaintiff does not provide any details concerning alleged harassment and intimidation, and "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir.2015) *citing Davis v. Goord,* 320 F.3d 346, 353 (2d Cir.2003); *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir.1996); *Purcell v. Coughlin,* 790 F.2d 263, 265 (2d Cir.1986).

Fourth, Plaintiff does not state how the Defendants violated his due process rights.

Fifth, Plaintiff does not explain how any named Defendant was involved in his transfer to Pinckneyville. Defendant Griffin did discuss a transfer several months prior, but this potential transfer involved a different institution.

Sixth, it is debatable whether Plaintiff has articulated an excessive force claim against his teacher for striking him on the back. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010). The question is whether the force used was *de minimis*, not whether the injury suffered was *de minimis*. *Outlaw v. Newkirk,* 259 F.3d 833, 837–38 (7th Cir.2001); *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010)("[w]here the force applied is excessive, however, a constitutional claim may survive summary dismissal even if the resulting injury is *de minimis.*").

More important, it is not clear how an incident in a vocational class is in any way related to Plaintiff's previous grievances. Nor is it clear how disciplinary reports for abuse of phone privileges are related to PREA report which was no longer pending. Plaintiff is reminded he must not combine unrelated claims against different Defendants in one lawsuit. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2).

Finally, if Plaintiff withdrew some of his grievances and did not complete the grievance procedure, it is doubtful he can demonstrate he fully exhausted his administrative remedies before filing this complaint for those claims unless he can demonstrate the grievance procedure was unavailable to him, or prison officials or "affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Due to the confusion over Plaintiff's intended claims, the Court will dismiss Plaintiff's amended complaint, but allow him an opportunity to file a second amended complaint to clarify his allegations. Plaintiff is admonished Federal Rule of Civil Procedure 8 states complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). Federal Rule of Civil Procedure 10 also requires the pleader to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10 (b) "The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

Therefore, Plaintiff's amended complaint must include numbered paragraphs. Each paragraph should include one claim. For instance, for each act of alleged retaliation, Plaintiff should state when it occurred, what happened, who was involved and what specifically sparked the retaliatory action.

In addition, Plaintiff must not combine unrelated claims against different Defendants in one lawsuit.  For instance, Plaintiff's claims alleging sexual misconduct against Defendant Matthews are unrelated to his claims that Vocational Teacher Lawrence struck him.  In addition, Plaintiff may not combine unrelated claims and correctional officers with vague allegations of an overall conspiracy or retaliation or harassment.  *See Dupree v. Mahone*, 2011 WL 995822 at 2 (N.D.Ill. March 21, 2011) "(Although each claim alleges that each defendant's retaliatory motive derives from plaintiff s litigation against IDOC, they all address separate instances by separate defendants, and appear to allege separate wrongdoings").   Therefore, Plaintiff must choose which claims he wishes to pursue in this litigation.  Plaintiff is advised he may still choose to pursue all his claims, but unrelated claims against different defendants must be filed in separate lawsuits with separate filing fees.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file an amended complaint is granted. [6].

2) Plaintiff's amended complaint is dismissed as violation of Federal Rules of Civil Procedure 8, 18, and 20.

3) The Court will allow Plaintiff an opportunity to file an amended complaint clarifying his claims. The Clerk is to provide Plaintiff with a blank complaint form to assist him.

4) Plaintiff must file his amended complaint within 21 days or on or before July 31, 2018.  If Plaintiff fails to file his complaint on or before July 31, 2018, or fails to follow the Court's directions, his case may be dismissed.

5) The Clerk of the Court is to reset the merit review deadline within 30 days of this order.

Entered this 10th day of July, 2018.

                                              s/ James E. Shadid

                                     _____
                                                 JAMES E. SHADID
                                     UNITED STATES DISTRICT JUDGE