UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TYSHAWN BURCH, ) | |
|   Plaintiff, ) | |
| ) | Case No. 18-3057 |
| ) | |
| CECIL POLLEY, et. al., ) | |
|   Defendants ) | |

MERIT REVIEW ORDER

Plaintiff's original complaint was dismissed due to confusion over his intended claims, but Plaintiff was given leave to file an amended complaint. *See* July 10, 2018 Merit Review Order. Plaintiff has now complied and his motion for leave to amend is granted pursuant to Federal Rule of Civil Procedure 15. [11].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's amended complaint identifies some of the same Defendants and some new Defendants. Plaintiff alleges Defendants Warden Cecil Polly, Vocational Teacher Lawrence, Vocational School Principal Jackson, Clinical Supervisor Scott Thompson, Grievance Officer Lisha Storment, Correctional Officer Riley, Lieutenant Griffen, and "Internal Affairs" violated his constitutional rights at Graham Correctional Center.

1

Plaintiff says on June 15, 2016, Vocational Teacher Lawrence "physically attacked" him and Principal Jackson observed the incident. (Amd. Comp., p. 7). Plaintiff does not explain how he was assaulted, but in his original complaint, Plaintiff stated Defendant Lawrence "struck him in the back." (Comp., p. 5). Plaintiff claims he still suffers from severe back pain. For the purposes of notice pleading, Plaintiff has alleged Defendant Lawrence used excessive force on June 15, 2016.

Plaintiff filed an emergency grievance the next day. Plaintiff says during the investigation, he was interviewed by Warden Polley, Lieutenant Griffen, and Officer Riley.

On June 22, 2016, Plaintiff claims Defendant Riley wrote a "false" disciplinary ticket against him which led to Plaintiff's transfer to another facility. (Amd. Comp., p. 7). Plaintiff provides no further information about the ticket in his amended complaint. However, in his original complaint, Plaintiff stated the June 22, 2016 ticket accused him of "talking loudly and yelling after being told three times to hold down the noise." (Comp., p. 6).

Plaintiff says both the false ticket and transfer were retaliatory actions based on Plaintiff's emergency grievance. Again, for the purposes of notice pleading, Plaintiff has articulated a First Amendment retaliation claim against Defendant Riley based on the disciplinary ticket and transfer.

However, the Court notes in his previous complaint, Plaintiff made reference to a variety of disciplinary tickets he received before his transfer. *See* July 10, 2018 Merit Review Order. Based on his amended complaint, Plaintiff must be able to demonstrate

2

he was transferred based on one "false "ticket accusing him of talking loudly. (Amd. Comp., p. 7). In addition, it is doubtful Officer Riley had the authority to approve Plaintiff's transfer, but Plaintiff has failed to clearly identify anyone else who might be responsible for this action.

In fact, Plaintiff has failed to explain the involvement of any other named Defendant in his amended complaint. The only mention of the other named Defendants is in the caption and the list of Defendants. *See Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). Therefore, the Court will dismiss all Defendants except Defendants Lawrence and Riley.

Finally, the Plaintiff's two surviving claims concern unrelated matters and different defendants that cannot be litigated in the same lawsuit pursuant to Federal Rules of Civil Procedure 18 and 20. In *George v. Smith,* 507 F.3d 605, 607, (7th Cir. 2007), the court of appeals held that a prison may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit. "[M]ultiple claims against a single party are fine, but a Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* at 606.

Since the Plaintiff could face statute of limitations issues if the Court dismissed one of his claims, the Court will allow Plaintiff to proceed with his excessive force claim against Defendant Lawrence in this lawsuit and a new lawsuit will be opened for Plaintiff's retaliation claim against Defendant Riley. Plaintiff must either pay the filing fee or file a new motion to proceed in forma pauperis in his second lawsuit within 21 days. If Plaintiff does not wish to pursue either lawsuit, he may file a motion to voluntarily dismiss within 21 days, and the Court will dismiss that lawsuit and waive the filing fee. If Plaintiff takes no action, his case will be dismissed and Plaintiff will be responsible for both filing fees. Plaintiff is reminded he must include a case number for any filing with this Court.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendant Lawrence used excessive force on June 15, 2016 when he hit Plaintiff on the back. The claim is stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as

premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of

those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to file an amended complaint, [11]; 2) Dismiss all Defendants except Defendants Lawrence for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A or improper joinder; 3) Attempt service on Defendants Lawrence pursuant to the standard**

**procedures; 4) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; 5) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act; 6) Open a separate lawsuit for *Burch v. Riley* and enter this text order in the new case. The only Defendant in the new lawsuit is Officer Riley.**

ENTERED this 29th day of November, 2018.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE